IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ARANSAS TERMINAL COMPANY, LLC** | § § § | NO. 23-291 |
| **V.** | § § § | |
| **M/V J.C. DINGWALL,** *in rem*, **and CUSTOM MARINE, INC.,** *in personam* | § § § § | **FED. R. CIV. P. 9(h)** **Admiralty Claim** |

## VERIFIED ORIGINAL COMPLAINT

COMES NOW Aransas Terminal Company, LLC (hereinafter also "Plaintiff") and, pursuant to Federal Supplemental Admiralty and Maritime Rule C, brings this action against the M/V J.C. DINGWALL, its engines, machinery, tackle, appurtenances, apparel, etc., *in rem*, and Custom Marine, Inc., its owner, *in personam*, and with respect avers as follows:

### Jurisdiction and Venue

1. Plaintiff's *in rem* claims are within the admiralty and maritime jurisdiction of the Court and are admiralty or maritime claims within the meaning of FED. R. CIV. P. 9(h). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 *et seq.*, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is proper because the M/V J.C. DINGWALL, Official No. 915236 (the "Vessel") is currently located in this District and Division.

## Parties

3. Plaintiff is a Texas limited liability company with its principal place of business in Port Aransas, Texas, and is authorized to do business in Texas. Plaintiff is a marine and industrial services contractor and terminal operator which supplied necessaries to the Vessel.

4. The Vessel is registered under the flag of the United States, USCG Official No. 915236. The Vessel is or was owned, operated, chartered, or otherwise controlled by Custom Marine, Inc., a New York corporation which is doing business in Texas.

Custom Marine, Inc. is not authorized to do business in Texas, so it may be served through the Texas Secretary of State at its business address, 23 Hickory Hill Drive, Dobbs Ferry, NY 10532.

The M/V J.C. DINGWALL is within this district and within the jurisdiction of this Honorable Court, and is presently lying at Plaintiff's dock no. 3, 118 E. Highway 361, Port Aransas, Texas 78373.

## Factual Background

5. Plaintiff contracted with Custom Marine, Inc. to provide berthage and related services to the Vessel. Custom Marine, Inc. is the owner, owner *pro hac vice*, charterer, manager, operator, and/or agent of the Vessel, and ordered these services from Plaintiff.

6. Plaintiff presented invoices to Custom Marine, Inc. for monthly berthage services, payable in advance. Custom Marine, Inc. agreed to pay the applicable invoice amounts within 30 days unless otherwise agreed.

7.      Plaintiff provided such services to the Vessel in accordance with the agreement and has sent multiple invoices to Custom Marine, Inc., which remain unpaid.

8.      In a previous action in this Court Plaintiff obtained a Judgment in the amount of $82,363.48 plus court costs. *See*, No. 2:23-cv-00081.

9.      Since then, Plaintiff has issued additional invoices for October and November 2023 berthage, each in the amount of $4,950.00, which also remain unpaid.

10.     As of the date this suit is being filed, the outstanding debt currently due for berthage and related services provided by Plaintiff to the Vessel totals at least $92,745.48.

11.     No payment from Custom Marine, Inc. has been forthcoming and all offsets and credits, if any, have been applied to the balance sought by this lawsuit. Therefore, Custom Marine, Inc. and the Vessel are liable for this overdue unpaid, as well as for invoices that become due during the pendency of this action and any additional goods and services which Plaintiff may be asked or forced to undertake.

12.     Such repairs, labor and related services constitute necessaries for the purposes of the Federal Maritime Lien Act, 46 U.S.C. §33141, *et seq.*, as the goods and services were reasonably necessary in and for the conduct of the business of the vessel and enabled the vessel to perform her particular function. Therefore, Plaintiff has a preferred maritime lien against the Vessel for such domestic necessaries.

### Rule C, *in rem* against the M/V J.C. DINGWALL

13.     Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

3

14. Plaintiff provided services to the Vessel. To date, Custom Marine, Inc. has not paid for such services, despite an obligation to do so and despite demands for payment.

15. Plaintiff has suffered damages and losses and is now entitled to a maritime lien for necessaries against the Vessel in the amount of at least $92,745.48, exclusive of interest, costs, and attorneys' fees.

**Breach of Maritime Contract, *in rem*, against Custom Marine, Inc. and the Vessel**

16. Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

17. Plaintiff provided goods and services to the Vessel under an agreement with Custom Marine, Inc. To date, it is obligated to pay for these services, but has failed to make payment as agreed.

**Unjust Enrichment/Quantum Meruit, *in rem*,
against Custom Marine, Inc. and the Vessel**

18. Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

19. In the alternative and without waiving the above, Plaintiff is entitled to recover the amount due from Custom Marine, Inc. and the Vessel based upon promises implied by law under the theory of unjust enrichment. Specifically, Plaintiff provided berthage and related services to the Vessel, which services were accepted, used, and enjoyed by the Vessel, and under such circumstances as reasonably notified Custom Marine, Inc. that Plaintiff was expecting to be paid.

4

20. The actions of Custom Marine, Inc. in the above facts and circumstances constitute unjust enrichment. The agreed and/or fair and reasonable value and benefit for the unpaid berthing, mooring, and related services.

## Conditions Precedent

21. All conditions precedent have been performed or have occurred.

## Rule C

22. Pursuant to Supplemental Rule E(5)(a), Aransas Terminal Company, LLC requests that the Court fix the principal amount of the bond or other security to obtain the Vessel's release at an amount sufficient to cover the amount of Plaintiff's claim with accrued interest, attorney's fees, and costs, and further requests that the Court require that the bond or other security be conditioned for the maximum permitted by Rule E(5), which permits security up to twice the amount of Plaintiff's claim.

## Attorneys' Fees

23. In addition to the above, Plaintiff seeks recovery of reasonable attorneys' fees and expenses, costs of Court, prejudgment and post judgment interest.

## Conclusion and Prayer

24. Plaintiff is entitled under Rule C to arrest the M/V J.C. DINGWALL, which is subject to a maritime lien for goods and services provided by Plaintiff and that remain due and owing.

25. No waiver is intended of any rights or remedies Plaintiff may have under any agreement among the parties or by law, which rights and remedies are specifically reserved.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

1. Issue Warrant of Arrest for the M/V J.C. DINGWALL, commanding the United States Marshal to arrest the vessel and take it into custody;

2. Order the M/V J.C. DINGWALL to be condemned and sold to pay the costs of *custodia legis* and damages owed to Plaintiff;

3. That a judgment be entered in favor of Plaintiff against the M/V J.C. DINGWALL, her engines, machinery, tackle, appurtenances, apparel etc., *in rem*, for at least the $92,745.48 currently owed, plus invoices that come due during the pendency of this litigation, attorneys' fees, court costs and additional accrued interest; and

4. That this Court grant Plaintiff such other and further relief to which it may show itself justly entitled at law, in equity, or in admiralty.

Respectfully Submitted,

**CLARK HILL PLC**

By: _____
F. William Mahley
Texas Bar No. 12836740
1000 Louisiana, Suite 2800
Houston, TX 77002
(713) 951-5600
(713) 951-5660
Email:  wmahley@clarkhill.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, ARANSAS TERMINAL COMPANY, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ARANSAS TERMINAL COMPANY, LLC** | § § § | NO. _____ |
| V. | § § § | |
| **M/V J.C. DINGWALL**, *in rem*, and **CUSTOM MARINE, INC.**, *in personam* | § § § § | **FED. R. CIV. P. 9(h)** **Admiralty Claim** |

## VERIFICATION OF BURT MOORHOUSE

"I, Burt Moorhouse declare, certify verify, and state that the following is true and correct:

1. My name is Burt Moorhouse. I am over 18 years of age, of sound mind, capable of making this affidavit. The facts stated in this verification are within my personal knowledge and are true and correct.

2. I am a member of Aransas Terminal Company, LLC ("ATC").

3. The claims referred to in the original Complaint arise out of the business dealings between ATC in relation to berthage services rendered to the M/V J. C. DINGWALL. A systematic record of these business dealings was kept by ATC.

4. Commencing in June 2022, Custom Marine, Inc. (referred to herein as "Custom Marine") contracted for berthage and related services for the M/V J. C. DINGWALL.

5. The contract called for ATC to provide such services and send monthly invoices, in advance, and payment would be received from Custom Marine within net 30 days of receipt. In late 2022, Custom Marine ceased making its monthly payments.

6. Demand for payment has been made, yet Custom Marine has yet to make any further payments as of March 24, 2023.

7. The principal balance is due ATC on the account, a true and correct copy of which is attached to Complaint as Exhibit 1 and incorporated into this verification by reference. That amount is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.

8. ATC is a marine terminal and services provider and has engaged in, among other things, providing berthage and related services for vessels such as the M/V J. C. DINGWALL. I am familiar with the reasonable charges for berthage of vessels such as the M/V J. C. DINGWALL in the Corpus Christi, Texas area. In my opinion, the charges contained in ATC's invoices for these services are fair, customary, and reasonable for the location, time and place where the services were provided.

9. I have read the original Complaint and the factual allegations are true and correct and are within my personal knowledge.

10. I declare under the penalty of perjury that the foregoing is true and correct."

Prepared on this 10th day of Nov., 2023.

_____
Burt Moorhouse

State of Texas
County of Aransas

Before me, the undersigned notary public, on this day personally appeared Burt Moorhouse, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 10th day of November, 2023.

IDA GONZALES
Notary Public, State of Texas
Comm. Expires 10-25-2024
Notary ID 12918031-2

_____
Notary Public's Signature

2